reasons therein assigned, it is ordered that the conviction and sentence here complained of be set aside, and defendant discharged.

PROVOSTY, J., dissents.

---

(84 South. 128)

No. 23428.

STATE v. BONNECARRE.

In re BONNECARRE.

(Nov. 3, 1919. Rehearing Denied March 12, 1920.)

J. Bonnecarre was convicted of violating a regulation of the Sewerage and Water Board of New Orleans, and he applies for certiorari. Conviction and sentence set aside, and defendant discharged.

Alfred J. Bonoma and R. A. Dowling, both of New Orleans, for applicant.

Chandler C. Luzenberg, Dist. Atty., J. Arthur Charbonnet, Asst. Dist. Atty., and Walter L. Gleason, Sp. Counsel Sewerage and Water Board, all of New Orleans (Edgar H. Bloch, of New Orleans, of counsel), for the State.

MONROE, C. J. The issues here presented being the same as in the case of State v. J. Billhartz, 84 South. 120,[1] this day decided, for the reasons therein assigned, it is ordered that the conviction and sentence here complained of be set aside, and defendant discharged.

PROVOSTY, J., dissents.

---

(84 South. 128)

No. 23443.

STATE v. SANFORD.

In re SANFORD.

(Nov. 3, 1919. Rehearing Denied March 12, 1920.)

*(Syllabus by Editorial Staff.)*

Mrs. M. Sanford was convicted of violating a resolution of the Sewerage and Water Board of New Orleans, and she applies for certiorari. Conviction set aside, and defendant discharged.

Alfred J. Bonoma and R. A. Dowling, both of New Orleans, for applicant.

[1] Ante, p. 855.

Chandler C. Luzenberg, Dist. Atty., J. Arthur Charbonnet, Asst. Dist. Atty., and Walter L. Gleason, Sp. Counsel, all of New Orleans (Edgar H. Bloch, of New Orleans, of counsel), for the State.

MONROE, C. J. The issues here presented being the same as in the case of State v. J. Billhartz, 84 South. 120,[1] this day decided, for the reasons therein assigned, it is ordered that the conviction and sentence here complained of be set aside, and defendant discharged.

PROVOSTY, J., dissents.

---

(84 South. 166)

No. 23487.

SCHMALZ v. SCHMALZ.

(March 1, 1920. Rehearing Denied April 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. EVIDENCE ⟷594 — UNCONTRADICTED EVIDENCE FOR WIFE IN SEPARATION SUIT MAKES ABSOLUTE PROOF.

In a wife's suit for separation, uncontradicted evidence for her as to defamation by the husband and cruel treatment makes absolute proof.

2. DIVORCE ⟷27(18) — DEFAMATION AND CRUEL TREATMENT ENTITLES WIFE TO SEPARATION AND CUSTODY OF CHILDREN.

Where a husband defamed his wife and treated her so cruelly her life with him became intolerable, she is entitled to decree of separation, with custody of minor children.

Appeals from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Suit for separation by Mary Meynier Schmalz against August F. Schmalz, her husband. From judgment for plaintiff, defendant appeals. Affirmed.

Loys Charbonnet, of New Orleans, for appellant.

Joseph Harris Brewer, of New Orleans, for appellee.

O'NIELL, J. [1, 2] The defendant appeals from a judgment of separation granting his

[1] Ante, p. 855.